Plaintiff, Ronald Thomas was employed by the defendant Somers Board of Education as a teacher and administrator for 18 years. As an administrator he was a member of the plaintiff Somers Administrators' Association. On October 18, 1988, early in the school year, the plaintiff requested the defendant board to accept his resignation. In the plaintiff's request he claims to be entitled to severance pay. The board insists he is not.
The collective bargaining agreement, that defines eligibility for severance pay and is the subject of this suit, CT Page 4121 provides in pertinent part:
 Upon termination of employment by death, retirement as per Connecticut Teachers Retirement Board's current rules and regulations, or mutual agreement as per individual contract following five (5) or more years of continuous service in the Town of Somers, the Board of Education agrees to pay the employee covered by the agreement, or his/her estate, an amount equivalent to 2.2 days compensation, established by the individual's current daily wages at the time of termination for each year of service to the Town of Somers.
Collective Bargaining Agreement, Article V.
The determinative issue is whether there was a "mutual agreement" between the plaintiff Thomas and the defendant Board of Education to grant severance pay. This court finds there was none and in fact both the board and its agent, the superintendent, unequivocally rejected the plaintiff's request. When the superintendent brought Mr. Thomas's request to the Board they rejected his resignation as long as it was tied to severance. After some discussion with the superintendent about his request for severance pay, the plaintiff resubmitted his resignation in which any reference to severance pay had been omitted. This is the resignation which the defendant Board accepted. If the parties came to any "mutual agreement" it did not include severance pay and any claim made for the severance pay was an afterthought.
This court finds that there was no mutual agreement upon the termination of the plaintiff for severance pay and therefore judgment will enter for the defendant.
BY THE COURT, HON. PHILIP DUNN, J. SUPERIOR COURT JUDGE